## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GLYNDA WESLEY,                              )
                                            )
                              Plaintiff,    )
                                            )
v.                                          )        Case No. CIV-04-414-L
                                            )
RON WARD, DIRECTOR, *et al.*,               )
                                            )
                              Defendants.   )

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of her federal constitutional rights.  The matter has been referred for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).   Pending before the Court is Defendants' Motion to Dismiss [Doc. #38] seeking dismissal of Plaintiff's action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect timely service of process.  Plaintiff has been given the opportunity to respond to Defendants' Motion but has failed to do so within the time permitted.  *See* Order [Doc. #40].  Pursuant to Local Civil Rule 7.2(f), therefore, Defendants' Motion may be deemed confessed by the Court.  It is recommended that Defendants' Motion be granted.

**Procedural History**

On September 3, 2004, Plaintiff filed an Amended Complaint [Doc. #22].[1]   On September 17, 2004, she filed a motion requesting the Court to order service of process on Defendants by the United States Marshal's Office [Doc. #23].  Plaintiff's motion was denied by Order dated November 9, 2004 [Doc. #29], but the request was expressly denied without prejudice to Plaintiff's ability to file a motion to proceed *in forma pauperis* for purposes of service of process.  The Court advised Plaintiff of the requirements for such a motion and directed the Court Clerk to supply Plaintiff with an appropriate form.  But Plaintiff did not thereafter file a motion to proceed *in forma pauperis*.

Without extensions of time, Plaintiff's deadline for obtaining service of process expired on or about January 3, 2005.  *See* Fed.R.Civ.P. 4(m).  By Order dated January 5, 2005 [Doc. #32], the Court *sua sponte* extended the time to effect service.  Plaintiff was directed to obtain service on Defendants on or before February 7, 2005, or face dismissal of the action for failure to timely serve Defendants with process as required by Federal Rule of Civil Procedure 4(m).  On February 4, 2005, Plaintiff had summons issued for seven of the ten Defendants.  *See* Praecipes and Summons [Doc. ## 33-34].  Plaintiff did not, however, effect service upon any Defendants within the prescribed time period.  On May 10, 2005, Plaintiff filed a return of service showing service on Defendant Ron Ward.  *See* Return [Doc. #37].  No other returns have been filed to reflect service on the remaining Defendants.

---

[1]Plaintiff had not served any defendants with the original Complaint at the time of the filing of the Amended Complaint.

## Analysis

Pursuant to Rule 4(m), a plaintiff has 120 days after filing a complaint within which to effect service of process.[2]  Here, more than 120 days have elapsed since the filing of the Amended Complaint on September 3, 2004.  Plaintiff has effected service on only one of ten Defendants, but even that service is outside the 120-day time period and outside the extension of time provided by the Court.  Indeed, Plaintiff did not effect service on Defendant Ron Ward until an additional three months beyond the expiration of the extended period.  Therefore, the action is subject to dismissal pursuant to Fed. R. Civ. P. 4(m). However, prior to dismissing the action, the Court must make a preliminary inquiry as to whether Plaintiff has shown good cause for her failure to effect timely service.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

Plaintiff failed to respond to Defendants' Motion and, therefore, has failed to demonstrate any cause, much less good cause, for her failure to effect service within the required time.  Even though Plaintiff has failed to show good cause, the Court must further consider whether another permissive extension of time is warranted.  *Id*.  In *Espinoza*, the Tenth Circuit identified factors the district courts should consider in determining whether a

---

[2]Federal Rule of Civil Procedure 4(m) states in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

permissive extension of time is warranted. *Id*. at 842. Those factors include: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the plaintiff is faced with the "complex requirements of multiple service"; and (3) whether, in the case of a *pro se* plaintiff, the failure to effect timely service is the result of confusion or delay attending the resolution of an *in forma pauperis* petition. *Id*. at 842 and n. 8.

The Amended Complaint challenges a multitude of prison conditions at the Mabel Bassett Correction Center. There are no dates identified in the Amended Complaint; rather, the claims appear to challenge ongoing conditions of confinement. Therefore, it is not possible to determine on the record presented whether the claims would be barred by the applicable statute of limitations. With respect to service requirements, there is no indication that Plaintiff has attempted to serve Defendants other than Defendant Ward, and there is no evidence that any Defendants have sought to avoid service. Moreover, this case does not involve complex service requirements. Finally, there is no indication that resolution of any *in forma pauperis* motion interfered with timely service of the Amended Complaint. Plaintiff has never submitted a motion for leave to proceed *in forma pauperis*, and instead paid the full filing fee. *See* Receipt [Doc. #14]. Although Plaintiff filed a motion on September 17, 2004, requesting a court order authorizing the United States Marshals Office to effect service on Defendants on behalf of Plaintiff, the Court denied the motion by order dated November 9, 2004, without prejudice to Plaintiff's ability to submit a motion to proceed *in forma pauperis*, with an appropriate financial affidavit, for purposes of service of process.

Plaintiff did not thereafter submit a motion to proceed *in forma pauperis*. Therefore, there is no indication that resolution of any *in forma pauperis* motion interfered with Plaintiff's ability to timely effect service. Moreover, Plaintiff waited an additional three months after the Court's Order, until February 4, 2005, to have summons issued.

In sum, although Plaintiff has been advised of the requirements of Fed.R.Civ.P. 4(m) and has been given the opportunity to show cause for her failure to effect timely service of Defendants, she has failed to do so. Even though Plaintiff is a *pro se* litigant, she is required to follow the same rules of procedure governing other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Her failure to effect proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) is grounds for dismissal of her action in the absence of justification for the failure. *Jones v. Frank*, 973 F.2d 872, 873-874 (10th Cir. 1992).

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss [Doc. #38] be granted and that Plaintiff's action be dismissed without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by September __14th__, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate

review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this  25th  day of August, 2005.

_Valerie K. Couch_
_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE
